**LIN JIAN and Lin Xiu Fang, Petitioners,**

v.

**Eric H. HOLDER, Jr.,\* Respondent.**

No. 08–5645–ag.

United States Court of Appeals, Second Circuit.

April 10, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

Michael Brown, Law Offices of, Michael Brown, New York, NY, for Petitioners.

Michael F. Hertz, Deputy Assistant Attorney General, M. Jocelyn Lopez Wright, Senior Litigation Counsel, Kristin K. Edison, Attorney, Office of Immigration Litigation, Civil Division, Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners Lin Jian and Lin Xiu Fang, citizens of China, seek review of an October 29, 2008 order of the Board of Immigration Appeals ("BIA") affirming Immigration Judge ("IJ") Steven R. Abrams's January 31, 2007 decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Jian*, Nos. A98 374 979/982 (B.I.A. Oct. 29, 2008), *aff'g* Nos. A98 374 979/982 (Immig. Ct. N.Y. City Jan. 31, 2007). We assume

the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir.2006). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir.2008).

## I. Asylum

We find no error in the agency's adverse credibility determination. For asylum applications governed by the amendments made to the Immigration and Nationality Act ("INA") by the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also In re J–Y–C–*, 24 I. & N. Dec. 260, 265 (B.I.A.2007). This Court "defer[s] ... to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

■ Analyzed under the REAL ID Act, the agency's adverse credibility determination is supported by substantial evidence in the record. The IJ properly relied on the petitioners' inconsistent testimony regarding the circumstances surrounding the photographs of the petitioners that were allegedly taken in Wisconsin. As the IJ noted, Fang had testified that her photograph was taken by a friend when Fang had visited Wisconsin by herself, while Jian had testified that he took the photograph of Fang when they visited Wisconsin together. The IJ also correctly noted that, despite their claims that the photographs were taken at different times, the backgrounds in the two photographs were identical. Under the REAL ID Act, this was sufficient to support the IJ's adverse credibility finding. *See id.* at 167.

We also find no error in the IJ's conclusion that Fang's testimony that her father declined to take her to receive medical attention after she was allegedly beaten by village cadres was implausible. *See Ying Li v. Bureau of Citizenship & Immigration Servs.*, 529 F.3d 79, 82 (2d Cir.2008). Further, the IJ correctly noted that, when asked to explain this implausibility, Fang had responded first that it was her father who sought to "save face" by not seeking medical treatment and then that it was her idea. Accordingly, nothing would compel a reasonable fact-finder to accept Fang's explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Further, the IJ supported his adverse credibility determination with observations of the petitioners' demeanor. This Court gives particular deference to an IJ's assessment of an applicant's demeanor. *See id.* at 81 n. 1. Here, the IJ supported his demeanor finding by pointing to specific examples in the record, noting that the petitioners were "evasive" with respect to dates, times, and places, and that they became "flustered" when asked questions outside of their statements in support of their asylum applications. The IJ pointed out that Jian had admitted to having "memorized" a date incorrectly, and that the petitioners appeared to be "reciting by rote" from their statements.

## II. Withholding of Removal and CAT Relief

Because the only evidence of a threat to the petitioners' lives or freedom depended upon their credibility, the adverse credibility finding in this case necessary precludes success on their claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 276 (2d Cir.2003). Finally, because the petitioners offered no independent evidence that they would be tortured if returned to China, the adverse credibility determination in this case also precludes success on their claims for CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 184–85 (2d Cir.2004).

## III. Frivolous Asylum Application

■ We find no error in the agency's conclusion that the petitioners filed frivolous asylum applications. If, after advising an alien of the consequences of filing a frivolous asylum application, the Attorney General determines that an alien has knowingly filed such an application, the alien shall be "permanently ineligible for any benefits" under the immigration laws. 8 U.S.C. § 1158(d)(4)(A), (d)(6). An asylum application is considered frivolous "if any of its material elements is deliberately fabricated. Such finding shall only be made if the [IJ or BIA] is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20.

Because of the "serious consequences of a frivolousness finding, the regulation provides a number of procedural safeguards." *In re Y–L–,* 24 I. & N. Dec. 151, 155 (B.I.A.2007). The agency must: (1) put the alien on notice of the consequences of filing a frivolous application; (2) make a specific finding that the alien knowingly filed a frivolous application;(3) point to sufficient evidence in the record to support its finding that a material element of the asylum application was deliberately fabricated; and (4) afford the alien sufficient opportunity to account for any discrepancies or implausibilities in the claim. *See id.*; *see also Biao Yang v. Gonzales,* 496 F.3d 268, 275 (2d Cir.2007). An adverse credibility determination does not, by itself, support a finding that an asylum application is frivolous. *See In re Y–L–,* 24 I. & N. Dec. at 156. Accordingly, even when an IJ finds an applicant not credible, the IJ must address the question of frivolousness separately and discuss the evidence that supports the finding that the applicant deliberately fabricated a material element of her asylum claim. *See id.* A frivolousness finding must be supported by a preponderance of the evidence. *See id.* at 157.

In this case, the record demonstrates that the agency satisfied the procedural safeguards set forth in *In re Y–L–*. During a master calendar hearing in each case prior to the consolidation of the petitioners' proceedings, the IJ verified that their counsel had advised them of the consequences of filing a frivolous application. With respect to the second procedural safeguard, in his decision, the IJ specifically concluded that the petitioners were not practitioners of Falun Gong, but, rather, had "blantantly l[ied] to [the IJ] regarding a critical issue[:] … their involvement with Falun Gong." The IJ characterized the petitioners as "trying to pull the wool over the Court's eyes" regarding their practice of Falun Gong.

There is sufficient evidence in the record to support the IJ's conclusion that the petitioners deliberately fabricated their claim that they were Falun Gong practi-

tioners. The IJ pointed to the inconsistencies in the petitioners' testimony regarding the photographs they offered in support of their claim, as well as to Fang's admission that the photograph that purported to depict her distributing Falun Gong materials had actually been taken by a friend after Fang stopped to talk to some Falun Gong practitioners on the street. The petitioners' inability to explain the inconsistencies, as well as their demeanor during their testimony, supported the IJ's conclusion that they "clearly ha[d] lied" to the IJ.

The petitioners do not assert that the IJ failed to give them an opportunity to address the inconsistencies in the record. Even if they had, the record demonstrates that the IJ satisfied this final procedural safeguard by noting the inconsistencies in the petitioners' testimony and allowing their counsel time to discuss those inconsistencies with them off the record. When the proceedings continued, counsel neither asked the petitioners further questions nor gave a closing statement to address the inconsistencies. Accordingly, the agency did not err in determining that the petitioners' asylum applications were frivolous. *See Biao Yang*, 496 F.3d at 275.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).